KESLER v. STATE OF INDIANA.

[No. 31,062. Filed July 6, 1967.]

*Saul I. Ruman,* of Hammond, and *Jason Ernest Bellows,* of Chicago, Illinois, both for Relator.

*John J. Dillon*, Attorney General, and *Dennis J. Dewey*, Deputy Attorney General, both for the Respondent.

JACKSON, J.—Petitioner was convicted of the crime of assault and battery with intent to commit rape by the Criminal Court of Lake County, Indiana, and on April 4, 1962, was sentenced to a term of one to ten years in the Indiana State Prison.

Relator seeks to have this court reverse the order of the Criminal Court of Lake County, Indiana, denying his Petition for Permission to File a Belated Motion for a New Trial, entered on September 7, 1966.

The petition filed in the Criminal Court of Lake County, Indiana, failed to comply with Rule 2-40 of this Court in that it did not allege when the cause for the belated Motion for New Trial was first discovered, how it was discovered, the facts showing the cause, nor why such cause could not have been discovered before by due diligence. Furthermore, relator alleges that he "at all times informed his attorneys of the facts . . . but said attorneys did not present the matter to the court."

Relator also alleges that the remedies he was seeking in his petition were not available to him at the time of his conviction because he was without funds and because the remedy did not become available until after the decision of the Supreme Court of the United States in the case of *Escobedo* v. *Illinois* (1964), 378 U. S. 478.

The Supreme Court of the United States in *Johnson* v. *New Jersey* (1966), 384 U. S. 719, held that the decision and holding in Escobedo affects only those cases where the trial began after June 22, 1964.

There is no merit to relator's claim that he was deprived of the remedies sought in his petition because he was indigent at the time of his conviction. The record shows he was represented by counsel at the trial; that after trial he retained

counsel who filed a Motion for New Trial; that thereafter he employed counsel to assist him in presenting a petition for a Writ of Habeas Corpus in the United States District Court for the Northern District of Indiana. In the event of indigency, after conviction, he was entitled to the services and counsel of the Public Defender; no showing is made that he ever sought the services of that office or officer.

The petition for Writ of Certiorari is denied.

Hunter, C. J., Arterburn, Mote and Lewis, JJ., concur.

NOTE.—Reported in 227 N. E. 2d 670.